# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DANIEL ALFRED FARMER-KIEFE,

    Plaintiff,

v.

HARRY REID et al.,

    Defendants.

Case No. 2:16-cv-01844-APG-NJK

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). The Court now addresses the application to proceed *in forma pauperis* and screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.**    ***IN FORMA PAUPERIS* APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.**    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendants Senator Harry Reid, Governor Brian Sandoval, and Inspector General John Doe in charge of PREA[1] management for events that took place while Plaintiff was incarcerated at the Southern Desert Correctional Center ("SDCC"). (ECF No. 1-1 at 1-2). Plaintiff alleges two counts and seeks monetary

---

[1] Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601.

damages and injunctive relief.  (*Id.* at 12, 18).

In the complaint, Plaintiff alleges that he filed several PREA complaints against several correctional officers and was retaliated against in return. (*See id.* at 3-14). Prison officials responded to Plaintiff's PREA complaints by stating that Plaintiff's complaints were "referred to the inspector general's office for investigation." (*Id.* at 5, 7-10, 12). However, the inspector general's office did nothing with Plaintiff's PREA complaints. (*Id.* at 8). Plaintiff's due process and equal protection rights were violated because Senator Reid and Governor Sandoval failed to ensure that PREA, a federal program, was operated properly by state officials. (*Id.* at 10-11). The inspector general's office failed to supervise and train NDOC staff to ensure that prison officials were informed in taking action if a prisoner filed a PREA complaint. (*Id.* at 13). Senator Reid and Governor Sandoval failed to train and supervise. (*Id.* at 14). Plaintiff suffered harm as a result. (*Id.*)

As an initial matter, the Court notes that Plaintiff has another pending lawsuit, *Farmer-Kiefe v. Reid et al.*, 2:16-cv-02094-APG-VCF, where he sues the correctional officers and wardens involved with his PREA complaints.[2] The instant complaint appears to focus solely on the liability of Senator Reid, Governor Sandoval, and Inspector General John Doe.

The Court finds that Plaintiff fails to allege a colorable claim against Senator Reid, Governor Sandoval, and Inspector General John Doe. First, PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape but nothing in the Act creates a private right of action enforceable under § 1983. *See Law v. Whitson*, 2:08-CV-0291-SPK, 2009 WL 5029564, *4 (E.D. Cal. Dec. 15, 2009); *Trost v. Cox*, 3:14-CV-611-MMD-WGC, ECF No. 3, *9 (D. Nev. April 10, 2015). Thus, to the extent that Plaintiff is attempting to state a claim under PREA, he cannot do so.

Second, prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)

---

[2] The Court has not yet screened the complaint in that case.

(holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). As such, Plaintiff fails to state a claim against Defendants for failing to investigate Plaintiff's PREA complaints because Plaintiff does not have a due process right to have his complaints investigated in a specific way.

Third, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff has made no allegations that Defendants participated in the alleged PREA violations, directed the violations, or knew of the violations and failed to prevent them. As such, the Court dismisses the complaint in its entirety, with prejudice, for failure to state a claim.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to

the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Daniel Alfred Farmer-Kiefe, #90103** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even though this action is being dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, with prejudice, as amendment would be futile for failure to state a claim.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

Dated: May 18, 2017.

_____
UNITED STATES DISTRICT JUDGE